UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BELL,         ) | |
|   Plaintiff,          ) | |
|                       ) | |
| vs.                   ) | Case No. 22-4137 |
|                       ) | |
| GREG DONOTHAN,        ) | |
|   Defendant           ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [3].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough

facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## I. ALLEGATIONS

Plaintiff's complaint identifies one Defendant: Program Director Greg Donothan. Plaintiff has provided vague, general allegations concerning difficulties he has faced with other roommates over the past two years including incidents which led to physical altercations. Plaintiff does not provide any time frames, nor does he point to any specific incidents.

Plaintiff believes he should be assigned to a single room. However, Plaintiff claims a disproportionate number of African American residents are disciplined for refusing a housing assignment, while white residents are given single rooms. Plaintiff does not indicate clearly if he has requested a single room or refused an assignment.

Plaintiff says "[a]fter approaching the defendant about this discrimination, he informed (Plaintiff) he would look into the matter," but nothing has happened. Plaintiff again provides no time frames for his claim. Plaintiff says the Defendant has violated his right to equal protection and his right to safe living conditions.

## II. ANALYSIS

Plaintiff is a civil detainee rather than convicted prisoner, so his claims pursuant to 42 U.S.C. §1983 are reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Smego v. Payne*, 469 Fed.Appx. 470, 474 (7th Cir. 2012). To proceed on a claim concerning his living conditions, Plaintiff

must allege the Defendant's conduct was objectively, rather than subjectively unreasonable. In other words, that Defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017).

Plaintiff has failed to allege any details pertaining to specific housing conditions or the Defendants knowledge of those conditions.   The only other allegation in Plaintiffs' complaint is his claim Defendant Donothan failed to investigate potential discrimination.  Plaintiff does not state how or when he informed the Defendant of his concern.   In addition, Plaintiff does not allege he refused an assignment and was disciplined.  Without more information, the failure to investigate does not clearly state a constitutional violation. *See also Pryor v. Atkins*, 2021 WL 2454241, at *2 (S.D.Ill. June 16, 2021)("prison  officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances."). Plaintiff has failed to articulate a claim.

IT IS THEREFORE ORDERED:

1) Plaintiff's Petition to Proceed In Forma Pauperis is DENIED with leave to renew.[3]

2)  The complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

2) If Plaintiff believes he can cure the deficiencies noted in his complaint, he may file an amended complaint on or before November 28, 2022. The pleading must be titled "Amended Complaint" and must include all claims and Defendants

without reference to the initial complaint. Failure to file an amended complaint by the deadline will result in the dismissal of this case for failure to state a claim.

3) The Clerk of the Court is directed to reset the internal merit review deadline within 21 days of this order.

ENTERED this 4th day of November, 2022.

                                                s/James E. Shadid
                                _____
                                             JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE